

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER

Appellate case name:      In re R.A.J. et al.

Appellate case number:   01-18-00051-CV

Trial court case number:  D-1-FM-15-005030

Trial court:                      53rd District Court of Travis County

## 1. Motion to restyle case

Appellee's unopposed motion to restyle this case *In the interest of R.A.J., C.A.J., and G.G.J.* is **GRANTED**. TEX. FAM. CODE § 102.008(a).

## 2. Motion to unseal records

Appellant's opposed motion to unseal records is **DENIED**, without prejudice to any arguments which may be made to challenge the final order and judgment on the merits.

## 3. Motion to compel reporter's record

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. TEX. R. APP. P. 35.3(c). The appellate court may enter any order necessary to ensure the timely filing of the appellate record. *Id*.

### a. Supplementation of record

The trial court is ordered to identify the official or deputy reporter responsible for preparing, certifying, and timely filing the reporter's record with respect to proceedings on March 7-11, 2016; April 13, 2016; May 3, 2016; May 19, 2016; and

June 3, 2016. *See* TEX. R. APP. P. 35.3(b), (c). The trial court shall then direct the appropriate court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items. TEX. R. APP. P. 34.6(d).

### b. Correction of exhibits

Inaccuracies in the reporter's record, including an exhibit, may be corrected by agreement without the court reporter's recertification. TEX. R. APP. P. 34.6(e)(1). Counsel are ordered to meet and confer to determine whether the defective audiovisual exhibits identified by appellant can be corrected by agreement. If the parties fail to agree on whether or how to correct the reporter's record so that the exhibits are accurate, the trial court shall resolve any disputes, evaluate the alleged inaccuracies, and order the court reporter to conform the reporter's record to what occurred in the trial court and to file certified corrections in the appellate court. TEX. R. APP. P. 34.6(e)(2).

### c. Denial of all other requested relief

All other relief requested by appellant's "motion to compel reporter's record" is denied, without prejudice to further requests which may be directed to the trial court or to this court. *See generally* TEX. R. APP. P. 34.

## 4. Docketing statement

Appellant is ordered to file an amended docketing statement, completing section XII. TEX. R. APP. P. 32.1(m).

## 5. Abatement

This appeal is abated and remanded to the trial court for implementation of this order. The trial court shall prepare a record, in the form of a reporter's record, of any hearing. The judge shall make any findings of fact and conclusions of law relevant to the implementation of this order, and it shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order, unless the parties agree on some other schedule and so notify this court in writing.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and conclusions are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.

Judge's signature: <u>/s/ Michael Massengale</u>
                       Acting individually


Date: <u>July 24, 2018</u>